TERRY E. SANCHEZ (State Bar No. 101318)
Terry.Sanchez@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, Thirty-Fifth Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorney for Defendant
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VERNETT ELLIS, JR.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CELLCO PARTNERSHIP, and DOES 1-25,<br><br>　　　　　Defendants. | CASE NO. SACV 11-914-JST(RNBx)<br><br>[Judge Josephine S. Tucker]<br><br>[~~PROPOSED~~] ORDER ON STIPULATION FOR PROTECTIVE ORDER<br><br>Complaint Filed: May 6, 2011<br>Trial Date: August 28, 2012 |

WHEREAS, the parties have stipulated through their respective counsel of record for a protective order,

IT IS HEREBY ORDERED as follows:

1. For the purpose of this Order, "information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, or in testimony. "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise.

2. The parties acknowledge that they will be exchanging confidential or proprietary information solely because they are parties to the above-captioned case and therefore agree that all information exchanged between them that is designated as confidential will be used only for purposes of this case and any litigation or arbitration relating to the claims alleged in this action and/or alternative dispute resolution efforts between the parties hereto and for no other purpose.

3. A party may mark documents "Confidential" if they contain any of the following categories of information:

(a) Any individual's address, Social Security number, date of birth, medical records, telephone records or numbers, wage and benefits data, account numbers, tax records, income data, or other financial information such as assets, credits, loans, or other business transactions;

(b) Defendant's internal policies or procedures, including but not limited to any manuals, guidelines, notes, correspondence or documents referring thereto;

(c) All documents contained in employee personnel files or other employee files maintained by Defendant, other than the files for Plaintiff Vernett Ellis, Jr.; and

     (d) Proprietary trade secret, proprietary financial, competitive or other proprietary information of Defendant.

  4. A party seeking to designate as "Confidential" any document falling into the categories set forth in paragraph 3 shall notify the other party by labeling the document "Confidential" on its face before producing it. The adverse party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others listed in paragraph 12 who receive the information treat it as confidential.

  5. If the confidential information is contained in a document produced by someone other than the party seeking to designate the document as confidential, the party seeking to designate the information as confidential shall notify the other party in writing that it considers the information confidential and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

  6. If the confidential information is contained in a response to a request for information or other interrogatory by the party seeking confidential treatment, the party shall designate the response as confidential when responding to the request. If the information is contained in a response by someone other than the party seeking confidential treatment, the party seeking to designate the information as confidential shall notify the other party in writing that it considers the information confidential and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential

  7. A party also may mark as "Confidential" any information set forth in the transcript of any deposition taken in this action falling into the categories set forth in paragraph 3.

8. If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or as soon thereafter as practical.

9. Information inadvertently disclosed without being designated "Confidential" may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

10. If any party receives from a third party a subpoena, discovery request or other demand for confidential information disclosed in this case, the party receiving the subpoena, discovery request or other demand for confidential information shall immediately notify the party who demanded confidential treatment that it has received a demand for the information and shall take all steps reasonably necessary to preserve the confidentiality of the information. The party seeking to preserve the confidentiality shall pay the reasonable expense of such efforts, and the party in possession of the confidential information shall reasonably cooperate with the party who designated the information as confidential in seeking a protective order or other limitation on disclosure of the confidential information. However, nothing contained in this paragraph should be construed as authorizing or encouraging party in this action to disobey a lawful subpoena issued in another action.

11. Any document, response, testimony or information which has been marked as "Confidential" may and shall be used solely for the purpose of, in connection with and to prepare for this action. Neither the original nor any copy of any document, response, testimony or information which has been marked as "Confidential" nor any excerpt, quotation, paraphrase or other description thereof

which conveys the confidential contents thereof (hereinafter all collectively referred to as "Confidential Material") shall be disclosed to any person, or used for any purpose, except in accordance with the terms of this Stipulation and Order.

12. Except as otherwise provided herein or agreed by the parties to this Stipulation, or as otherwise ordered by the Court, access to Confidential Material shall be limited to:

(a) The Court;

(b) The parties to this action and those employees, officers and directors of the parties who reasonably need access to the Confidential Material in connection with the prosecution or defense of this action, the attorneys of record for said parties, and their associates and stenographic, clerical and paralegal employees, provided that before counsel discloses any Confidential Material counsel shall provide the person to whom the disclosure is to be made with a copy of this Stipulation and that person shall agree to abide by its terms;

(c) Any person whose deposition is taken in this action or who is being prepared by counsel to give testimony at deposition or trial, such persons being prohibited from the use or disclosure of Confidential Material by paragraph 13 below, and the Court reporter at any such deposition; and

(d) Outside experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that such outside expert or consultant first be shown a copy of the Stipulation and Protective Order and agree to abide by its terms.

13. The attorneys for a party may disclose Confidential Material to any person in the course of a deposition taken in this action or in the course of preparing any witness to give testimony at deposition or trial; provided, however, that the witness first must be shown this Stipulation and agree to abide by its terms. Any deponent or witness who is not a party or an employee, officer or director of a

1 party shall not retain the original or any copy of any such Confidential Material and
2 only may be shown such material. Deponents and witnesses shall make no
3 disclosure or use of such Confidential Material, or any part thereof, except to
4 respond to deposition questions during the course of a deposition taken in this
5 action or at trial or otherwise in accordance with this Stipulation and Order. Any
6 deponent or witness who is not a party or an employee, officer or director of a party
7 who is shown any Confidential Material shall first be provided a copy of this
8 Stipulation and Order and shall be informed, as part of the transcribed or reported
9 deposition, that disclosure or other use of Confidential Material, or any part thereof,
10 is controlled by this Stipulation and Order and must be in accordance with this
11 Stipulation and Order. No copy of any portion of any deposition transcript or
12 deposition exhibit for a deposition in this action which contains Confidential
13 Material shall be furnished by the reporter to any person not identified in paragraph
14 12 above.

15       14. Nothing in this Stipulation shall require disclosure of any
16 material that a party contends is protected from disclosure by the attorney-client
17 privilege or the attorney work product doctrine.

18       15. The entering into this Stipulation and Order shall not and does
19 not constitute an admission or concession or permit an inference that any document,
20 response, testimony or information designated as "Confidential Material" is, in fact,
21 confidential or contains Confidential Material. Conversely, any disclosure of
22 Confidential Material under this Stipulation and Order shall not be construed as a
23 waiver of the confidentiality of the information.

24       16. Any party, through counsel, may make a good faith written
25 objection to the designation of any document, response, testimony or information as
26 "Confidential Material." Before filing any motion for an order compelling
27 disclosure of and/or access to such material without restriction, the objecting party
28 shall first confer with the party that designated the information as Confidential to

1 resolve the dispute without the intervention of the Court. If it is not possible to
2 resolve the dispute, the party seeking to have the confidentiality designation
3 removed shall make a motion before the Court and shall comply with applicable
4 law for such motions including, but not limited to, Local Rules 37-1 and 37-2.
5 Applicable California law shall govern the burden and standard of proof on any
6 such motion. The failure to seek to remove the confidential designation shall not be
7 construed as a concession that the information is confidential.

8        17.   Production or disclosure of documents or information subject to
9 the attorney-client privilege, common interest privilege, work product immunity or
10 any other applicable privilege shall not constitute a waiver of, nor a prejudice to,
11 any claim that such or related material is privileged or protected by the work
12 product immunity or any other applicable privilege.

13        (a)   If a party produces or otherwise provides discovery of any
14 document or information that it believes is subject to a claim of attorney-client
15 privilege, common interest privilege, or work product immunity, the producing
16 party may give written notice to the receiving party that the document or
17 information is subject to a claim of attorney-client privilege, common interest
18 privilege or work product immunity and request that the document or information
19 be returned to the producing party. The receiving party shall return to the
20 producing party within five (5) business days all copies of such document or
21 information and shall return or destroy all excerpts and summaries thereof. Unless
22 and until there is a Court determination that the document or information is not
23 properly subject to a claim of privilege, no use shall be made of such documents or
24 information during deposition or at trial, nor shall such documents or information
25 be shown to anyone who has not already been given access to them subsequent to
26 the request that they be returned. Return of the document or information by the
27 receiving party shall not constitute an admission or concession, or permit any
28 inference, that the returned document or information is, in fact, properly subject to a

claim of attorney-client privilege, common interest privilege or work product immunity, nor shall it foreclose the receiving party from moving for an Order that such document or information has been improperly designated as subject to a claim of attorney-client privilege, common interest privilege, or work product immunity or should be produced for reasons other than waiver caused merely by production.

(b)     The disclosure of any privileged documents or information shall not be deemed a waiver of that privilege as to any other documents, testimony, evidence or information.

18.     After termination of this action, each party shall continue to maintain and limit access and disclosure to Confidential Material in the manner provided in this Stipulation and Order. Moreover, upon the request of the party producing and marking documents "Confidential," any other party or individual in possession of such documents will return them to the producing party.

19.     This Stipulation and any Order thereon may be modified in part or entirely by written agreement of the parties hereto or upon application to and entry of an Order by the Court for good cause shown. Such modifications shall have no force or effect until the Court has approved such amendment or modifications.

20.     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be

//
//
//

1  directed to the judge to whom the papers are directed. For motions, the parties shall
2  publicly file a redacted version of the motion and supporting papers.

3

4       IT IS SO ORDERED.

5  DATED: February 21, 2012

6

7                                              _____
                                               Hon. Robert N. Block
8                                              U.S. Magistrate Judge

9

10  Submitted by:

11  /s/ Terry E. Sanchez
    Terry E. Sanchez
12  Munger, Tolles & Olson LLP
    Attorneys for Defendant
13  CELLCO PARTNERSHIP
    D/B/A VERIZON WIRELESS
14  16396372.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28